UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD JAMES CROMER,

                Plaintiff,                      Case No. 2:16-cv-94

v.                                          Honorable R. Allan Edgar

UNITED STATES OF AMERICA, et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Edward James Cromer, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants United States of America, Michigan Governor Rick Snyder, Michigan Attorney General Bill Schutte, Parole Board Member Amy Bonito, the Michigan Department of Corrections (MDOC), MDOC Director Heidi Washington, Warden Shane Place, Law Librarian Joe Bouchard, Baraga County Clerk Wendy Goodreau, Baraga County Judge Timothy S. Brennan, Marquette County Judge Jennifer A. Mazzuchi, Unit Manager J. Spruce, and Accountant T. Minton.

According to the MDOC Offender Tracking System, Plaintiff is currently serving a life sentence for armed robbery and second-degree murder.  http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=211902.  Plaintiff's complaint is largely unintelligible and asserts violations consisting of "Slavery Management" counterfeiting and fraud, and denying recision to the "real party of interest."  In addition, Plaintiff states that he is challenging the frequency and process by which Defendants consider "U.S. Black Citizen[s]" for parole, the application of the prisoner mail policy to prevent him from using certified mail, and the fact that he has been charged for copies, postage, and filing fees.  Finally, Plaintiff claims that he is being falsely imprisoned and that his attempts to obtain relief in the state courts have been improperly denied.  Plaintiff seeks equitable relief, including freedom from "Debt Slavery practiced by vague and unconstitutional policies 06.05.103[1] & MCL 791.234," and "provide U.S. Black Citizen[s] substantial rights under Privileges and Immunities Clause."

---

[1]MDOC Policy 06.05.103 addresses parole eligibility / lifer review reports.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff makes a conclusory assertion that black inmates are discriminated against numerous ways. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff alleges no facts suggesting that he was intentionally treated differently than any similarly situated person, nor has he identified such person.

Plaintiff claims that parole procedures are unfair as applied to black prisoners and asserts that he is being wrongly imprisoned. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373

(1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Because Plaintiff is serving a life sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights. Therefore, Plaintiff's claim against Defendant Bonito is properly dismissed.

Moreover, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their

departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

Although Plaintiff's claims are difficult to decipher, the fact that Plaintiff is naming Baraga County Clerk Wendy Goodreau, Baraga County Judge Timothy S. Brennan, and Marquette County Judge Jennifer A. Mazzuchi as Defendants in this case implies that he is attempting to challenge prior decisions in his attempts to obtain relief in the state courts. To the extent Plaintiff asks this Court to "reverse" the decisions of the Michigan state courts in his state habeas proceedings, the Court lacks subject matter jurisdiction. The United States Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. *Lance v. Dennis*, 546 U.S. 459 (2006). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme

Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Thus, "[t]he Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance*, 546 U.S. at 460 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, this Court may not "reverse" the decisions of the state courts.

In addition, the Court notes that the United States is not a proper defendant in an action filed pursuant to 42 U.S.C. § 1983. Nor has Plaintiff alleged any specific conduct for which the United States of America may be properly sued. Because Plaintiff's claim against the United States of America is entirely conclusory, it is properly denied. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Similarly, Plaintiff's claims against Defendants Spruce, Minton, and Bouchard are unsupported by specific factual allegations. It appears that Plaintiff is claiming that his right of access to the courts has been violated. However, in order to set forth a nonfrivolous access to courts claim, Plaintiff must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and

missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). Plaintiff fails to allege any specific facts showing such prejudice. Therefore, his access to courts claim is properly dismissed.

Finally, the Court notes that Plaintiff fails to make specific factual allegations against Defendants Snyder, Schuette, Washington, and Place. His claims against these individuals appear to be based solely on the fact that they hold positions of power within the State and the MDOC. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Snyder, Schuette, Washington, and Place engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  6/29/2016                    /s/ R. Allan Edgar
                                     R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE